**Edelson PC**

350 North LaSalle Street, 14th Floor, Chicago, Illinois 60654
t 312.589.6370 | f 312.589.6378 | www.edelson.com

May 29, 2020

*VIA CM/ECF*

Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Ecogensus LLC v. Pacella*, No. 1:20-cv-3629

Dear Judge Broderick:

    On behalf of Benjamin H. Richman, Jay Edelson, and Edelson PC (the "Edelson Defendants"), I write to request an extension of time to answer or otherwise plead to and including July 31, 2020.

    Service was attempted on Mr. Richman and Edelson PC on May 14, 2020, which makes their current response deadline June 4, 2020. As far as Mr. Edelson, matters are slightly more complicated. Plaintiffs' counsel insisted in an email on May 27, 2020 that Mr. Edelson had been served, but they claimed that proof of service was unavailable and refused to provide the date when the purported service occurred. Mr. Edelson was not aware of any service attempt upon him until the morning of May 29, 2020, when his building concierge informed him that an individual was attempting to drop off legal documents, which he assumes relate to this case. Mr. Edelson did not clear the individual to approach his home due to the risk of coronavirus transmission.[1] The Edelson Defendants have all repeatedly offered to waive service pursuant to Federal Rule of Civil Procedure 4(d)—the first offer was on May 14—but Plaintiffs ignored the offer. Nevertheless, Mr. Edelson wishes to avoid a personal interaction with a process server and therefore does not contest that service was effective as of May 29, 2020, making his response deadline June 19, 2020. No previous extensions have been requested or granted.

    This modest extension is warranted because Plaintiffs have filed a 46-page rambling complaint that sets out nine causes of action but makes little attempt to connect the allegations to the claims. Although the allegations are largely fanciful, Plaintiffs expressly incorporate (but do not attach) many external documents. Additional time is required both to untangle the difficult-to-parse allegations and to locate the documents referenced in the complaint. Due to the COVID-19 crisis, Edelson PC's physical office is closed, which has made it more time-consuming to gather documents that are in the custody of people working in different remote locations. In addition, my clients intend to respond jointly to this complaint, and an extension will promote efficiency by permitting them all to respond together.

---

[1]    The process server who served Mr. Richman ran straight to his front door without a face covering. Mr. Edelson is unwilling to risk his family's health with a similar encounter.

Chicago | San Francisco

**Edelson PC**

    Plaintiffs have not agreed to this request. When asked why they opposed the requested extension, Plaintiffs' counsel stated:

> We are offering to extend your time to answer by 30 days as a courtesy, but there is urgency here for our clients. Given the irreparable harm, the attorney-client privilege, and the sensitivity of the information threatened to be released, sixty-days is simply too long. We will have no choice but to oppose this motion on these grounds.

This statement is puzzling, as Plaintiffs' complaint does not mention any kind of injunction to prevent the release of information, nor have Plaintiffs sought any type of preliminary relief. A letter motion is not the place to litigate the merits of this case, but it suffices for the moment to say that the Edelson Defendants are not threatening (and have never threatened) to release Plaintiffs' sensitive information, and that any allegation to the contrary is baseless.

    The extension requested here is reasonable in light of the factors discussed above, and Defendants Edelson PC, Jay Edelson, and Benjamin Richman respectfully request that the Court allow them until July 31, 2020 to answer or otherwise plead.

    Respectfully Submitted,

    EDELSON PC

    */s/ Alexander G. Tievsky*

    Alexander G. Tievsky

CC: all counsel of record

2