

June 8, 2020

**<u>Via ECF</u>**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY

   Re: *Ecogensus LLC et al. v. Pacella et al.,* 20-cv-03629

Your Honor:

   This law firm represents all Plaintiffs in the above-referenced action.  This letter responds to the letter motion dated May 29, 2020 (ECF # 15 in this action) filed by defendants Benjamin Richman, Jay Edelson, and Edelson P.C. (the "Edelson Defendants") seeking to extend their time to answer or otherwise respond to Plaintiff's Complaint until July 30, 2020.  Although, as the Edelson Defendants note, Plaintiffs were prepared to grant a thirty-day extension as a matter of professional courtesy, they cannot in good conscience agree to further delay, for the reasons set forth below.

   The Edelson Defendants complain about the "rambling" nature of Plaintiffs' Complaint and state that they need additional time to construe the "difficult-to-parse" allegations.  We are happy to assist by providing the following executive summary:  the Edelson Defendants and Defendant Matthew Pacella who were, until recently, Plaintiff Bjornulf Ostvik's attorneys, used their professional status to gain his confidence and learn his secrets, and are now exploiting those secrets for financial gain.[1]  In any event and given the federal pleading standards post-*Twombly* and *Iqbal*, Plaintiffs were compelled to take forty-six pages to detail the full scope of Defendants' many and varied wrongful acts.

   The Edelson Defendants' principal reason for demanding a generous extension of time is their purported need to "gather documents" that are being held by individuals working in remote locations.  Plaintiffs are not insensitive to the constraints imposed by the Covid-19 pandemic, as they and their counsel have been attempting to overcome those same constraints over the past several months.  That said, responding to the Complaint will not require the review of hard-copy documents.  All of the documents reviewed by Plaintiffs during the preparation of the Complaint exist in electronic form, and are either in the possession of the Edelson Defendants or easily obtainable by them. Indeed, most if not all correspondence between Plaintiffs and the Edelson Defendants was electronic.  Since the Edelson Defendants concede that they are "working remotely," we assume they are able to exchange drafts and electronic versions of documents in order to prepare a response to the Complaint in the same fashion that Plaintiffs and their counsel did to prepare the Complaint itself.  The thirty-day courtesy extension proffered by Plaintiffs will give the Edelson Defendants ample time to prepare a response even in these circumstances.

---

[1] Although this letter-motion is not the venue to decide this issue, Plaintiffs note that Edelson P.C.'s appearance as counsel for the Edelson Defendants raises obvious ethical issues under, *inter alia,* the attorney-witness rule,  *see* M.R.P.C. Rule 3.7, and Plaintiffs reserve the right to move for the disqualification of Edelson P.C. as counsel for the Edelson Defendants at the appropriate time and if so advised.

Further, Defendant Matthew Pacella's counsel requested a thirty-day extension, and Plaintiffs consented. Matthew Pacella's counsel will be able to respond to the complaint in thirty days, weighing against the reasons why the Edelson Defendants claim a lengthy extension is necessary.

      Principally, Plaintiffs are compelled to oppose the Edelson Defendants' request because an additional thirty days will not significantly assist them in preparing a response to the Complaint, but it will most certainly enable them to continue their campaign of pressure and intimidation against the Plaintiffs. Plaintiffs are continuing to uncover new instances of wrongdoing by Defendants on an almost daily basis. Defendants' efforts to denigrate and harm Plaintiffs have not been halted by the pandemic, and Plaintiffs may be forced to seek emergency relief from this Court in order to protect their rights. The sooner Defendants are required to respond to the Complaint, the sooner this Court can act to provide Plaintiffs the redress they seek.

      We respectfully request that the Court view this opposition letter in that context. Thank you for your consideration.

Respectfully submitted,

GUZOV, LLC

By:    Debra J. Guzov, Esq.

cc:    (via ECF)
      Alexander Tievsky, Esq.
      Stephen Klein, Esq.
      Steven Woodrow, Esq