

September 3, 2020

**<u>Via Electronic Filing</u>**

The Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

                **Re: *Ecogensus LLC v. Pacella*, No. 1:20-cv-3629**

Dear Judge Broderick,

      Plaintiffs are writing to the Court in further support of their letter-motion to seal the First Amended Complaint filed on August 26, 2020. To streamline this process, Plaintiffs seek to seal only those allegations concerning a confidential settlement agreement (and certain related privileged communications related thereto) and confidential, non-public business information. Our statement of the applicable law in the Joint Submission filed on August 28, 2020 regarding the proposed redactions references several other motion papers. For convenience, we re-submit the relevant authority below.[1]

      As a general matter in this case, certain highly-sensitive personal information lies at the heart of the Plaintiffs' extortion claim. Plaintiffs have endeavored to avoid revealing intimate details in the Original and First Amended Complaints regarding this information, but Plaintiffs respectfully submit that the need may arise in future filings to seal documents that reveal more detailed accounts of this sensitive information.

      With respect to the First Amended Complaint, Plaintiffs respectfully request that they be permitted to file a version of the First Amended Complaint containing only the following redactions:

<u>First Amended Complaint ¶126</u>

      Description of non-public business milestones may be sealed because it could cause significant competitive harm if it falls into the wrong hands and/or the public domain.

<u>First Amended Complaint ¶ ¶164-5</u>

---

[1] *See Lugosch v. Pyramid Co.,* 435 F3d 110 (2d Cir. 2006) (protection of the privilege may qualify as a compelling reason to maintain documents under seal), and the need to preserve trade secrets or confidential business information. *See Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (customers' internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information overcomes the presumption of public disclosure).

Hon. Vernon S. Broderick
September 3, 2020
Page 2

    The description of settlement strategy in ¶164-5 constitutes confidential Settlement Information and specific allegations regarding the contents of Plaintiffs' communications with the Edelson Defendants regarding the filing of a public lawsuit.

Dated: New York, New York
       September 3, 2020

          Respectfully Submitted,

          By:   /s/ Debra J. Guzov
                Debra J. Guzov
                Anne W. Salisbury
                David J. Kaplan
                805 Third Avenue, 8th Floor
                New York, New York 10022
                Tel:   (212) 371-8008
                dguzov@guzovllc.com
                *Attorneys for Plaintiffs*

cc: All counsel (Via Electronic Filing)