USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
         :
ECOGENSUS, LLC, et al.         :
         :
                Plaintiffs,  :
         :      20-CV-3629 (VSB)
      - against -  :
         :      **ORDER**
         :
MATTHEW PACELLA, et al.,  :
         :
                Defendants.  :
-------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      From July 31, 2020 to August 14, 2020, the parties to this action requested to file multiple documents under seal. (Docs. 45, 72.) In an attempt to resolve these rather extensive sealing requests, I issued an order on August 17, 2020. (Doc. 79 ("Order").) The Order directed the parties to (1) meet and confer with each other, and with any interested third parties, about how sealing or redaction should work in this case; (2) explain why any documents provisionally filed under seal should remain under seal; (3) explain why, for any documents that should remain under seal, it would not be sufficient to redact those documents instead; and (4) state any disagreements as to the requested sealing or proposed redactions. (*Id.*) It was my hope that the parties would submit something sufficiently clear to allow me to resolve sealing in this matter.

      Instead, on August 28, 2020, the parties submitted a 36-page seriatim letter with competing statements of governing law, as well as competing positions on how sealing should be handled ("Sealing Letter"). (Doc. 100.) Plaintiffs used the Sealing Letter largely to advocate for sealing, while Defendants "generally t[ook] no position on whether sealing is appropriate" and instead objected to what they called "Plaintiffs . . . us[ing] th[e] [letter] to advance their false

theory" of the case. (*Id.*) Defendants found it necessary to state repeatedly that they "t[ook] no position on" many of the "redactions" sought by Plaintiffs, (*e.g.*, *id.* at 35), despite the fact that my Order directed the parties only to provide their bases of disagreement. (*See generally* Order.)

Complicating the issue, the Sealing Letter arguably became moot before it was even filed: on August 26, 2020, Plaintiffs filed a First Amended Complaint (Doc. 92 ("FAC")) in redacted form. The FAC was accompanied by another letter motion to seal, (Doc. 90), which argues that sealing is appropriate based upon references to earlier letters filed by the parties, and by vague references to agreements, documents, and "[e]mbarrassing material," (*id.*). Plaintiffs did not bother to provide the agreements that purportedly gave basis for sealing the FAC. In response to the motion to seal the FAC, certain Defendants filed a letter objecting to some (but not all) of the redactions in the FAC on the grounds that Plaintiffs had already publicized the materials in question by including them in their original complaint. (Doc. 103.)

In spite of these ongoing, unresolved disputes over sealing, other parties have filed motions to seal their responses to the FAC, not because they believed sealing proper, but because their responses "contain[] references to material" that was provisionally filed under seal. (*E.g.*, Doc. 111; Doc. 116.) To complicate matters further, the parties filed other competing motions to seal and letters responding to those motions. (*See, e.g.*, Doc. 120; Doc. 124; Doc. 125.)

Simply put, the current state of the record with regard to sealing is a mess. As such, it is hereby

ORDERED that all motions on the docket requesting sealing are DENIED without prejudice, and the motion to seal the FAC is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiffs may file a renewed motion to seal the First Amended Complaint ("Renewed Motion to Seal") within thirty (30) days of this Order.

Plaintiffs are ORDERED to file their Renewed Motion to Seal in accordance with my Individual Rules & Practices as they pertain to sealing. *See* Individual Rule 5(B).[1] The Renewed Motion to Seal, by itself, and without reference to prior filings, should clearly explain any bases for seeking leave to file under seal. To the extent the Renewed Motion to Seal references, quotes, or otherwise incorporates documents that Plaintiffs believe provide a basis for sealing or redaction, Plaintiffs must attach those documents to the Renewed Motion to Seal as exhibits. If Plaintiffs are unable to attach any such document to the Renewed Motion to Seal as exhibits, the Renewed Motion to Seal must explain why they are unable to do so.

IT IS FURTHER ORDERED that if Plaintiffs do file a Renewed Motion to Seal, within fourteen (14) days of the filing of the Renewed Motion to Seal, any party or interested third-party opposing sealing shall file a letter explaining why the sealing or redactions sought by Plaintiffs is improper. If more than one party or interested third-party opposes the sealing treatment Plaintiffs request for the RFAC, they are encouraged to meet and confer so that they can file one joint letter.

IT IS FUTHER ORDERED that documents currently filed under seal will remain filed under seal until further order of this Court.

The Clerk of Court is respectfully requested to close the open motions at docket numbers 45, 46, 72, 83, 90, 111, 116, 120, and 134, all of which pertain to sealing. The Clerk of Court is also directed to close the open motions at docket numbers 41, 47, 58, and 65, as all of these pertain to the original complaint and are thus moot by virtue of the filing of the FAC. The Clerk of Court is further directed that the motions requesting disposition on the FAC—at docket

---

[1] Any party who seeks leave to file under seal is cautioned to review filings other parties have made before me when they sought to file documents under seal. *See, e.g.*, Letter Motion to Seal, *SmartStream Techs., Inc. v. Chambadal*, 17-cv-2459-VSB (S.D.N.Y. Aug. 25, 2017), Doc. 41; Letter Motion to Seal, *Intl'l Flight Resources, LLC v. Aufiero et al.*, 21-cv-3029-VSB (S.D.N.Y. June 25, 2021), Doc. 23.

3

numbers 94, 98, 99, 112, 117, and 121—shall be held in abeyance until issues concerning the sealing of the FAC is resolved.  Once such issues are resolved, I will enter an order providing the parties with further guidance as to what, if any, sealing need be done in connection with the motions held in abeyance.

SO ORDERED.

Dated: September 9, 2021
      New York, New York

                                    Vernon S. Broderick
                                    United States District Judge