

October 12, 2021

**VIA ECF**
Hon. Vernon S. Broderick
Thurdgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.   10/28/2021
The Clerk of Court is directed to maintain document 144 under seal.

Re: <u>Ecogensus, LLC et al. v. Pacella et al.</u>, 20cv3629

Dear Judge Broderick,

    This law firm is counsel to all Plaintiffs in the above-referenced action. In compliance with this Court's Order dated September 9, 2021 (ECF Docket # 142) and Rule 5.B.iii of the Court's Civil Rules and Practices, I write to advise the Court that Plaintiffs' First Amended Complaint will be filed provisionally in redacted form in order to protect attorney-client privileged communications from public disclosure. Pursuant to this Court's Civil Rules and Practices, an unredacted version of the First Amended Complaint will be filed with access limited to the Court and the parties to this action.

    The Second Circuit has articulated a three-part test which governs whether a document may be filed under seal notwithstanding the presumption of public access to court records. *See Mirlis v. Greer,* 952 F3d 51 (2020); *Lugosch v. Pyramid Co.,* 435 F3d 110 (2d Cir. 2006). First, this Court must determine whether a particular document qualifies as a "judicial document," meaning a document "that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Mirlis*, 952 F3d at 59 (citation omitted). Next, this Court must determine the weight of the presumption of access to that document. *Id.* Finally, this Court must evaluate whether factors which counsel against disclosure of the document outweigh the presumption of access, given that the public's right to examine public records, although strong, is "not absolute." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Factors which can override the presumption of public access include the need to protect attorney-client privileged material, *see Lugosch,* 435 F3d at 125 (noting that protection of the privilege may qualify as a compelling reason to maintain documents under seal).

    In this case, Plaintiffs have elected to redact portions of paragraphs 122 and 164, as well as the entirety of paragraph 165, of the First Amended Complaint. The redacted information in those four paragraphs discuss the following privileged issues:

    122. Communication between Plaintiff Østvik and Defendant Pacella concerning legal strategy pertaining to a corporate transaction.
    164. A description of areas in which Plaintiffs sought specific legal advice from Defendant Edelson PC.

Hon. Vernon S. Broderick
October 12, 2021                                                                                                                  2

        165.    A description of the scope of Defendant Edelson PC's representation of Plaintiff which includes a reference to potential future litigation.

        These communications occurred between an attorney and client, while an attorney-client relationship existed, and were made in confidence and for the purpose of facilitating the delivery of legal advice. They are therefore privileged communications. *See In re County of Erie*, 473 F3d 413 (2d Cir. 2007) (describing the elements of attorney-client privilege). As the Court will recall, this action involves allegations that Defendants Pacella and Edelson P.C. utilized confidences and secrets obtained during the scope of the attorney-client relationship to harm their former clients. As such, nothing in this letter, or in the Final Amended Complaint, should be construed as a waiver of the attorney-client privilege with respect to any of the matters discussed therein.[1]

        Plaintiffs' application should be granted and the redactions in the First Amended Complaint should be approved as in their current form. We have attempted to meet and confer with counsel for all Defendants to discuss the scope of these redactions. The Edelson Defendants indicated that they took no position with respect to paragraph 122, and did not oppose the redactions on paragraphs 164 and 165; the other defendants did not respond to our meet and confer request. Should the Court require additional factual submissions from Plaintiffs on any issue set forth in this letter, we ask the Court to so advise us, and we will provide it.

        Respectfully submitted,

        GUZOV, LLC

        By:    Debra J. Guzov, Esq.

cc:    All Counsel of Record (via ECF)

---

[1] Plaintiffs' redactions to the First Amended Complaint are intended and carefully tailored to preserve the attorney-client privilege in the protected communications referenced therein. To the extent that the Edelson Defendants may argue that Plaintiffs are nevertheless waiving privilege by failing to redact *all* attorney-client communications in their entirety, that argument is premised on the flawed understanding of the Edelson Defendants as to how waiver of privilege is determined. It is well-settled that the attorney-client privilege is waived only if the "holder of the privilege ***voluntarily discloses or consents to disclosure of [a] significant part of the matter or communication over which the privilege is claimed***." *Denney v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 412 (S.D.N.Y. 2004); *United States v. Int'l Bhd. of Teamsters*, 961 F. Supp. 665, 673 (S.D.N.Y.), *aff'd sub nom. United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 119 F.3d 210 (2d Cir. 1997). Indeed, the redactions proposed herein by Plaintiffs are intentionally tailored to ensure that no privileged material whatsoever is disclosed. The unredacted portions of the paragraphs containing redaction are not privileged—the statements left unredacted, although they constitute communications between attorney and client, did not primarily facilitate the provision of legal advice, and therefore plainly fall outside the scope of the attorney-client privilege. Thus, privilege continues to adhere to the redacted material and has not been waived by Plaintiffs.